IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIAM D. CHAVEZ, #A6027516, | ) ) ) | Civ. No. 1:19-cv-00565 DKW-RT |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION |
| vs. | ) ) | |
| HAWAII DEP'T OF PUBLIC SAFETY, WARDEN TODD THOMAS, | ) ) ) ) | |
| Defendants. | ) ) | |

Before the Court is pro se Plaintiff William D. Chavez's prisoner civil rights complaint and Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"). ECF Nos. 1 and 2. Chavez is a Hawaii state prisoner who is incarcerated at the Saguaro Correctional Center ("SCC") located in Eloy, Arizona. He alleges that the Hawaii Department of Public Safety ("DPS") and SCC Warden Todd Thomas violated his civil rights by allowing him to be exposed to Valley Fever at SCC several years ago, and then failing to transfer him to a safer environment or provide him adequate medical treatment. Compl., ECF No. 1.

Chavez's IFP Application is DENIED, and this action is DISMISSED with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(a-b).

## I. IFP APPLICATION

Chavez's IFP application lacks signed certification from a prison official showing the (1) amount currently in his prison account, and (2) deposits in and withdrawals from his prison account for the preceding six months. *See* 28 U.S.C. § 1915(a)(2). Chavez's IFP Application is therefore DENIED as incomplete.

## II. SCREENING

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer, or employee of a governmental entity, and must dismiss a complaint or a portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(a-b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, a plaintiff must demonstrate that each defendant

personally participated in the deprivation of his or her rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).

### III. <u>DISCUSSION</u>

Chavez states that he has brought only one other action in the federal courts, *Chavez v. Thomas*, No. 2:19-cv-05170-PHX-JAT-JZB (D. Ariz, filed Sept. 13, 2019), prior to this one. *See* Compl., ECF No. 1, at PageID #3. The federal court case database, PACER Case Locator, however, reveals that Chavez commenced another action in the District of Arizona on October 9, 2019, *Chavez v. Thomas, et al.*, No. 2:19-cv-05388-PHX-JAT-JZB (D. Ariz.). *See* http://pacer.psc.uscourts.gov.[1] The complaint in No. 2:19-cv-05388 was signed on the same date as the present Complaint, September 23, 2019. Moreover, Chavez alleges identical claims against Warden Thomas and DPS in both of these cases, regarding his exposure to Valley Fever at SCC in or about 2017, and Defendants'

---

[1] A court may take judicial notice of undisputed matters of public record, including court records available through PACER. *See* Fed. R. Evid. 201(b); *United States v. Raygoza-Garcia,* 902 F.3d 994, 1001 (9th Cir. 2018).

alleged failure to provide him adequate medical care and a safe environment thereafter.

The court may dismiss a complaint or individual claims when the complaint or claims are duplicative of claims brought in another case. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding there is no abuse of discretion in dismissing action as frivolous when a complaint "merely repeats pending or previously litigated claims"); *see also McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997) ("Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious.") (quotation omitted); *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (same); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (affirming dismissal of a prisoner's civil rights suit as duplicative even though the second suit named different defendants); *Peoples v. Reno*, 2000 WL 1477502, *1 (6th Cir. Sept. 26, 2000).

Because Chavez has already filed an action in the District of Arizona, with identical claims as those presented in this action, the Court dismisses this action as clearly duplicative of the claims brought in *Chavez*, No. 2:19-cv-05388 (D. Ariz.), pursuant to 28 U.S.C. § 1915A(b). *See Cato*, 70 F.3d at 1105 n.2.

# IV. CONCLUSION

(1) Chavez's Complaint and this action are DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).  Because amendment is futile, this dismissal is without leave granted to amend.  *See Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); and;

(2) Chavez's Application to Proceed In Forma Pauperis by a Prisoner is DENIED as incomplete.

(3) The Clerk of Court SHALL enter final judgment and close the file.

IT IS SO ORDERED.

DATED: October 23, 2019 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*William Chavez v. Hawaii Dept of Public Safety, et al*; Civil No. 19-00565 DKW RT; **ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION**

*Chavez v. Dep't of Public Safety*, No. 1:19-cv-00565 DKW-RT; Scrg '19 (friv. dupl. AZ action, dny ifp incomp)